UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>)<br>)<br>v. )<br>)<br>CHERRI BARTON, )<br>)<br>Defendant. ) | No. 4:20 CR 247 AGF / DDN<br>No. 4:15 CR 293 JAR |

## **DETENTION ORDER**

On May 18, 2020, defendant CHERRI BARTON came before the Court for an initial appearance on a complaint that was filed on May 14, 2020 (Doc. 1) and a petition of the United States Probation Office for revocation of supervised release in No. 4:15 CR 293. On both matters, in that proceeding a detention hearing was held on the motion of the United States (Doc. 5) that defendant be detained in the custody of the United States Marshals Service under the Bail Reform Act of 1986, 18 U.S.C. § 3142.

On May 20, 2020, the federal grand jury charged defendant not only in Counts 3 and 4 of an indictment with participating in an armed carjacking that occurred on May 13, 2020, in violation of 18 U.S.C. §§ 2119(1) and 924(c)(1)(A)(ii), respectively, as had been charged in the complaint, but also aiding in an armed carjacking on April 21, 2020 (Count 1). (Doc. 12.)

The Probation Office petition alleges defendant violated the conditions of her supervised release by the May 13 incident, by failing to contact her Probation Officer as required, failing to call the drug testing hotline, failing to be gainfully employed, failing to participate in substance abuse treatment, failing to pay restitution, and four paragraphs of

earlier violations. A preliminary examination on the petition is set for June 8, 2020, as is the arraignment on the indictment.

The Bail Reform Act places upon the government a substantial burden of proof regarding whether a person should be detained.

> Only if the government shows by clear and convincing evidence that no release condition or set of conditions will *reasonably assure* the safety of the community and by a preponderance of the evidence that no condition or set of conditions under subsection (c) [of 18 U.S.C. § 3142] will *reasonably assure* the defendant's appearance can a defendant be detained before trial.

*United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003) (quoting *United States v. Orta*, 760 F.2d 887, 891 & n. 20 (8th Cir. 1985) (en banc)).

However, the government's case is aided by a rebuttable presumption. The Bail Reform Act provides:

> Subject to rebuttal by a defendant, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed-- . . . an offense under section 924(c) . . . .

18 U.S.C. § 3142(e)(3)(B). Such is this case, because the federal grand jury found probable cause to believe that defendant committed such an offense in Count 4 of the indictment.

In response to the presumption, the burden is upon the defendant to produce some evidence that there are conditions of release which will reasonably assure that he will not pose a danger to the community and will not flee. *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003). If the defendant produces such evidence, the statutory presumption does not entirely disappear. Rather, the Court must consider Congress's finding that persons charged with violations of 18 U.S.C. § 924(c) pose special risks of flight and a danger to the community. Throughout all, the government retains the burden of proof described above. *Id.* And the defendant retains the constitutional presumption of innocence. 18 U.S.C. § 3142(j).

In deciding the issue of detention or release, the rules of evidence are not strictly applied and the Court may consider unsworn proffers of information. *See* 18 U.S.C. § 3142(f); *United States v. Salerno*, 481 U.S. 739, 751 (1987) (the parties may "present information by proffer or otherwise"); *United States v. Agriprocessors, Inc.*, 2009 WL 290473 at *5 (N.D. Iowa 2009). The factors to be considered by the Court include the nature and circumstances of the offense alleged, the weight of the evidence against the defendant, his history and personal background, whether or not at the time of the offense he was subject to release supervision, and whether the release of the defendant would pose a serious danger to any person or the community. 18 U.S.C. § 3142(g).

On May 19, 2020, the Pretrial Services Officer filed a written bail report that recommended that defendant Barton be detained. (Doc. 11.) The Court hereby incorporates into this Order the facts set forth in the written bail report.

Defendant Cherri Barton is 34 years of age. She was born in St. Louis and has resided here her whole life, except when confined in the federal Bureau of prisons for 57 months for aggravated identity theft and unauthorized use of an access device. She has five children by various relationships. She has not been employed since the commencement of her supervised release in October 2019. She has health concerns, including the effects of being shot in her right arm in 2015, nerve pain, sporadic seizures, and an overactive bladder; she takes various medications. She suffers from anxiety, post traumatic stress disorder, depression and attention deficit disorder. She has used marijuana and heroin. She has felony convictions for resisting arrest and creating a substantial risk of serious injury, and 5 counts of endangering the welfare of a child. In June 2013 she was placed on probation for 5 years. She violated the conditions of probation by using opiates, absconding from supervision, and being arrested for use of a weapon, stealing, assault, robbery, and armed criminal action. She failed to appear on a secured appearance bond in June 2015. She has arrests without convictions for many theft, weapons, assault, robbery, kidnapping, identity theft, failure to appear, and vehicle theft offenses.

The government reported to the Pretrial Services Office the very dangerous and serious circumstances of the May 13, 2020, carjacking that involved the display of a firearm, a high speed crash, defendant and companion fleeing on foot, and the involvement of an AR-15 rifle and a 45 caliber pistol.

Upon the record before it, for the reasons articulated by the Pretrial Services Officer in the written bail report, the Court finds and concludes the following:  Defendant Cherri Barton has not rebutted the presumption for her pretrial detention.  Whether or not defendant has rebutted the presumption for detention, the Court finds and concludes by clear and convincing evidence that the release of defendant upon her own recognizance, an unsecured appearance bond, or any condition or combination of conditions of release in this case will not reasonably assure the safety of the community and will not reasonably assure the defendant's continued appearance in Court as required.  18 U.S.C. § 3142(b), (c).  Very strong evidence supports the federal indictment on the May 13, 2020 offenses.

Therefore,

**IT IS HEREBY ORDERED** that the motion of the United States that defendant CHERRI BARTON be detained (Doc. 5) **is sustained.**  Defendant is committed to the custody of the United States Marshals Service until further order.

**IT IS FURTHER ORDERED** that defendant be confined in a corrections facility, separate, to the extent practicable, from persons awaiting trial, serving sentences, or being held in custody pending appeal.

**IT IS FURTHER ORDERED** that defendant be allowed reasonable opportunity for consultation with counsel.

**IT IS FURTHER ORDERED** that on order of a Court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility in which defendant is confined must deliver defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

      **/s/ David D. Noce**
**UNITED STATES MAGISTRATE JUDGE**

Signed on June 2, 2020.